**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DARRELL J. WOODS, SR.,            )
                                  )
            Plaintiff,            )
                                  )
v.                                )          No. 1:21-CV-103 SNLJ
                                  )
TAYLOR FUWELL, et al.,            )
                                  )
            Defendants.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Darrell J. Woods, Sr. (Missouri inmate registration number 1057140) for leave to commence this civil action without prepayment of the filing fee. ECF No. 2. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

Plaintiff is a *pro se* litigant currently incarcerated at the Southeast Correctional Center (SECC) located in Charleston, Missouri. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against the following defendants: Nurse Taylor Fuwell; Nurse Heather Tidwell; Nurse Heather Annesser; Nurse Rosanna Williams; Nurse Dana Deagen; Nurse Janice (Jane) Doe 1; Director of Nursing Jane Doe 2; Health Service Administrator Jane Doe 3; John/Jane Doe Administrative Officer; John/Jane Doe Bed Broker; Caseworker Hollie Vandergriff; Caseworker Unknown Trout; and Functional Unit Manager Unknown Armstrong. Plaintiff sues defendants in their individual and official capacities.

Plaintiff's allegations relate to his dispute with medical staff at SECC about his receipt of what he believes to be the proper pain medication for pain in his leg. Plaintiff asserts that he has chronic leg pain from a prior gunshot wound, and the medical professionals at SECC prescribed him 650 mg tablets of Tylenol rather than the Neurontin he requested. Plaintiff complains that his dispute with the medical staff has gone on since February 2021, and that because he has filed grievances, medical staff have retaliated against him by failing to "see him at OSC" or bring his complaints to the doctor after seeing him at "OSC."[1] Plaintiff does not indicate that he was deprived of any type of pain medication, such as Tylenol, only that he thought he should have a different pain medication prescribed to him. Plaintiff also states that he has been moved to a different housing unit during this time, although he was not told why this occurred.

Plaintiff asserts that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He claims that the medical professionals in this action have engaged in a widespread conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986 to deny him the pain medication for which he believes he is entitled. He also alleges a retaliation claim against defendants in violation of the First Amendment.[2] Last, plaintiff asserts that he was

---

[1]Plaintiff admits that the medical professionals have not had health screenings for inmates on a couple of occasions, something he calls OSC, due to Covid-19.

[2]Plaintiff states in a conclusory fashion that he is asserting a "failure to protect" claim against the Health Service Administrator and "supervisors" for tolerating and encouraging defendant Roseanna Williams to inappropriately respond to plaintiff's IRR. To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked). Plaintiff has not alleged that he was subjected to violence by defendants.

2

subjected to "medical malpractice."[3] For relief, plaintiff seeks monetary damages and injunctive relief.

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Review of Pacer, the Court's online docketing system, reveals that plaintiff has accumulated more than three strikes. *See Woods v. Doe et al.,* No.19-03091-CV-S-BP-P (W.D. Mo. May 21, 2019) (dismissing for failure to state a claim), *aff'd,* No. 19-2100 (8th Cir. Sept. 6, 2019); *Woods v. Boeckman et al.,* No. 16-04037-CV-C-NKL-P (W.D. Mo. April 28, 2016) (dismissing for failure to state a claim); *Woods v. Chada,* No. 19-3151-CV-S-BP-P, Doc. 67 (W.D. Mo. May 4, 2020) (granting defendants' motion for summary judgment); *Woods v. Hays*, No. 2:15-CV-13 (E.D.Mo. March 19, 2018) (granting defendants' motion for summary judgment); *Woods*

---

[3]Missouri law requires a plaintiff to file, within ninety (90) days of the date of the complaint, an affidavit from a medical provider attesting to the merits of an action such as the one at bar. Mo. Rev. Stat. § 538.225 (2000), *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). Plaintiff has not, as of yet, filed this medical affidavit.

3

*v. Lewis*, No. 2:16-CV-0006 CDP (E.D.Mo. March 19, 2018) (granting defendants' motion for summary judgment); *Woods v. Fulghum,* No. 20-03391-CV-S-BP-P, Doc. 5 (W.D. Mo. Dec. 11, 2020) (explaining why plaintiff's allegations regarding his medical care and retaliation fail to meet the requirements of § 1915(g)).

As a result, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff is not currently under imminent danger of serious physical injury. All his claims relate to his disagreements with the type of medications he is receiving for pain management at SECC. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

4

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument [ECF No. 6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to clarify [ECF No. 7] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of September, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5