## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DARRELL J. WOODS, SR., )<br><br>Plaintiff, )<br><br>v. )<br><br>TAYLOR FUWELL, et al., )<br><br>Defendants. ) | <br><br><br><br>No. 1:21-CV-103 SNLJ |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Darrell J. Woods's post-dismissal motion to amend his complaint. Also before the Court is plaintiff's motion to "delay screening" under 28 U.S.C. § 1915. Because this matter was dismissed on September 29, 2021 pursuant to 28 U.S.C. § 1915(g)'s three strike provision, the Court will deny plaintiff's motions.

### Background

Plaintiff is a *pro se* litigant currently incarcerated at the Southeast Correctional Center (SECC) located in Charleston, Missouri. Plaintiff filed a complaint in this action pursuant to 42 U.S.C. § 1983 on July 13, 2021, asserting claims against thirteen (13) defendants in their individual and official capacities.

In his complaint, plaintiff asserted that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He claimed that the medical professionals in this action have engaged in a widespread conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986 to deny him the proper pain medication for which he believes he is entitled. He also alleged that defendants had retaliated against him in violation of the First Amendment. Last,

plaintiff asserted that he was subjected to "medical malpractice." For relief, plaintiff sought monetary damages and injunctive relief.

Because plaintiff had filed more than three strikes under 28 U.S.C. § 1915(g)[1], and plaintiff had not alleged he was in imminent danger of serious physical injury at the time of filing of the complaint, the Court found that plaintiff was unable to proceed in forma pauperis in this action and dismissed the action subject to refiling by plaintiff as a fully-paid complaint.

Despite the dismissal, on October 5, 2021, plaintiff filed a motion to "delay screening" until February 25, 2022. And on October 12, 2022, plaintiff filed a motion for leave to file a post-dismissal amended complaint.

## Discussion

Plaintiff's motion to "delay screening" will be denied as moot, given that screening of plaintiff's complaint occurred pursuant to 28 U.S.C. § 1915 on September 28, 2021.

Furthermore, the Court has reviewed plaintiff's motion to amend his complaint, as well as the attached proposed amended complaint and will decline to grant plaintiff's motion to amend. Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to

---

[1] *See Woods v. Doe et al.*, No.19-03091-CV-S-BP-P (W.D. Mo. May 21, 2019) (dismissing for failure to state a claim), *aff'd*, No. 19-2100 (8th Cir. Sept. 6, 2019); *Woods v. Boeckman et al.*, No. 16-04037-CV-C-NKL-P (W.D. Mo. April 28, 2016) (dismissing for failure to state a claim); *Woods v. Chada*, No. 19-3151-CV-S-BP-P, Doc. 67 (W.D. Mo. May 4, 2020) (granting defendants' motion for summary judgment); *Woods v. Hays*, No. 2:15-CV-13 (E.D.Mo. March 19, 2018) (granting defendants' motion for summary judgment); *Woods v. Lewis*, No. 2:16-CV-0006 CDP (E.D.Mo. March 19, 2018) (granting defendants' motion for summary judgment); *Woods v. Fulghum*, No. 20-03391-CV-S-BP-P, Doc. 5 (W.D. Mo. Dec. 11, 2020) (explaining why plaintiff's allegations regarding his medical care and retaliation fail to meet the requirements of § 1915(g)).

2

amend for multiple reasons including a finding of futility) (citing *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

As noted above, plaintiff is subject to the three strikes provision of 28 U.S.C. § 1915(g). Thus, he may only proceed in forma pauperis in a case if he alleges that he is under imminent danger of serious physical injury at the time of filing of the amended complaint.

There are no allegations in the complaint that plaintiff is currently being denied medical treatment or medical prescriptions for his pain in his leg. Rather, plaintiff makes it clear that he takes issue with being prescribed Tylenol rather than a different pain medication for his leg pain.[2] Therefore, the Court must decline to allow plaintiff to proceed in forma pauperis in this matter, and his motion to file an amended complaint will also be denied as futile.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to delay screening [ECF No. 12] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a post-dismissal motion to amend his complaint [ECF No. 13] is **DENIED** as futile.

---

[2]Plaintiff does state that there were times in the past that he was denied medication, however, this does not rise to the level of imminent danger at the time of the filing of the amended complaint.

3

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this _26th_ day of October, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE